AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

PEGGY BANKS )
_____
*Plaintiff* )
v. ) Civil Action No.  4:24-cv-07877
SUNRUN INC. )
)
_____ )
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                NXTLVL LLC
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED SCHEDULE A

| Place: DIRECTLY TO THE UNDERSIGNED COUNSEL OR ELECTRONICALLY | Date and Time: 06/05/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/03/2026

CLERK OF COURT
                                                         OR
                                                              /S/ ANDREW ROMAN PERRONG
_____         _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  PEGGY BANKS
is Perrong Law LLC, Andrew Roman Perrong, 2657 Mount Carmel Ave.    , who issues or requests this subpoena, are:
Glenside, PA 19038, a@perronglaw.com, 215-225-5529

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

### INSTRUCTIONS

1. You are required to search not only for hard copy documents, but for electronically generated, maintained or stored information, including data that exist on your computers' hard drives, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2. Where possible, all electronically generated, maintained or stored information should be produced in its native format and in a format compatible to litigation-support databases and review systems. Where possible, such documents should contain searchable text and searchable metadata in a load file format. File fidelity and resolution should not be downgraded; for instance, electronic files should not be printed and then scanned.

### DEFINITIONS

1. When used in these Requests, "Defendant" (whether or not in the singular or the plural) means the Defendant in this litigation, including SunRun Inc., including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

2. When used in these Requests, "you" or "your" (or synonyms thereof) means NXTLVL LLC, including any subsidiaries or affiliated enterprises, and its officers, directors and employees.

### REQUESTS

**Request No. 1:** All documents reflecting any outbound marketing call (including attempted call) made by you or any call center vendor of yours that could have generated leads for the Defendant since January 1, 2023. A complete answer will include at least the following:

    a. Identifying information for the person you were trying to reach (e.g., name, business name, address, email, phone number);

    b. Information for the calls themselves, including the phone number called, the date and time of the call and the result of the call (e.g., no answer, message left, "spoke with John Doe and updated business data," etc.); and

    c.   Any records that demonstrate that the caller indicated that the call was made with consent.

**Request No. 2:** Documents that identify any scripting or recorded message used for the calls identified in response to Request No. 1.

**Request No. 3:** Documents that identify any third parties that your company had a relationship with that may be in possession of information responsive to Request No. 1 or 2.

**Request No. 4:** All documents evidencing consumer consent to receive telemarketing calls or texts, including signed writings, electronic signatures, E-SIGN records, screenshots of webpages or forms where consent was allegedly obtained, server logs, IP addresses, date/time stamps, referring URLs, and any other documents you rely on to allege that the calls responsive to Request No. 1 were made with consent, or any associated revocation thereof.

**Request No. 5:** All policies, manuals, training materials, or compliance guidelines relating to the TCPA, or other telemarketing laws provided to your employees, contractors, or sub-vendors.

**Request No. 6:** All documents relating to the plaintiff in this case or the Plaintiff's telephone number (909-▮▮▮▮▮▮

**Request No. 7:** All internal communications, text messages, or message logs concerning Defendant, and lead generation or marketing.

**Request No. 8:** All documents identifying the criteria, filters, or campaign requirements used to qualify consumers for transfer or provision of leads to Defendant.

**Request No. 9:** All internal reports, spreadsheets, or databases reflecting the volume of calls or leads sent to Defendant, broken down by date and campaign.

**Request No. 10:** All databases, spreadsheets, or electronically stored information reflecting all leads, calls, or transfers provided to Defendant since January 1, 2023.

**Request No. 11:** All documents reflecting disciplinary actions, audits, or investigations concerning unlawful or unauthorized outbound calls, either by you or any of your vendors.

**Request No. 12:** Identify and describe all data sources from which responsive information will be collected, including CRM systems, dialer platforms, call-tracking databases, email servers, and messaging applications (e.g., SMS, Slack, Teams, WhatsApp).

**Request No. 13:** All documents and communications concerning Defendant, including but not limited to any agreements, instructions, requirements, compliance guidelines, or expectations relating to telemarketing, lead generation, or consumer contact.

**Request No. 14:** All documents reflecting the source of each lead or phone number used in outbound calls, including any lead vendors, aggregators, or marketing partners, and all documents sufficient to trace the chain of custody of each such lead.

**Request No. 15:** All documents relating to any lead purchase, licensing, or acquisition agreements involving consumer data used to generate outbound calls or leads for Defendant.

**Request No. 16:** All documents identifying the dialing systems, platforms, or software used to place outbound calls or generate leads, including the name of the system and/or vendor.

**Request No. 17:** Documents sufficient to identify all individuals involved in placing calls, managing campaigns, supervising telemarketing activities, or lead generation, related to Defendant, including their roles and responsibilities.

**Request No. 18:** All documents reflecting the structure, operation, or management of the call center referenced in any agreement between you and Defendant, including documents reflecting shared resources, oversight, reporting, or coordination.

**Request No. 19:** All documents relating to any complaints, regulatory inquiries, lawsuits, or internal investigations concerning telemarketing practices, including any involving Defendant.

**Request No. 20:** All documents and communications reflecting any direction, control, guidance, or input from Defendant regarding telemarketing or lead generation activities, including but not limited to call scripts, dialing practices, lead qualification criteria, geographic targeting, consent requirements, and compliance with the TCPA or any other applicable telemarketing laws or regulations.

**Request No. 21:** Communications with any third party concerning the litigation captioned on the subpoena.

**Request No. 22:** To the extent you claim that your company obtained permission for telemarketing calls concerning Defendant since January 1, 2023 relating to either the Plaintiff or the phone number 909-██████████ produce all documents that identify:
Any signed writings evidencing that permission;

As it relates to any website visits that you assert are being used in place of signed writings:

- All documents that evidence a clear and conspicuous statement that informed consumers of their right to withdraw their consent to receive telemarketing calls;

- All documents that evidence a clear and conspicuous statement that informed consumers of the procedures they must use to withdraw consent, and the procedures they may use to update their contact information that was used as a basis for any alleged consent to make telemarketing calls to them.

**Request No. 23:** To the extent you claim that your company obtained permission for telemarketing calls concerning Defendant since January 1, 2023 relating to either the Plaintiff or the phone number 909-██████████ via websites:

- Produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission;

- For any website identified in response to the prior request, produce all access, server and error logs and security and fraud alerts during the period you claim visits to that website constituted consent or permission to be contacted;

- Produce all documents that identify the affiliate(s) compensated directly or indirectly by you for each purportedly consenting consumer;

- Produce all documents that identify the referring URL from which each purportedly consenting consumer came to your website.

**Request No. 24:** All internal communications, including emails, text messages and Skype logs concerning Defendant.

**Request No. 25:**  All documents sufficient to identify every website, landing page, funnel page, or co-registration page through which any lead relating to Defendant was generated.

**Request No. 26:**  All documents relating to indemnification obligations between you and Defendant concerning TCPA claims, demand letters, lawsuits, or settlements.

**Request No. 27:**   All documents relating to complaints, demand letters, arbitration demands, lawsuits, or regulatory inquiries concerning any lead generated by you that resulted in alleged TCPA violations involving Defendant.

**Request No. 28:**   All documents sufficient to identify any affiliate, sub-affiliate, publisher, or traffic broker that generated leads relating to Defendant, including:

A. Contracts or agreements;

B. Compensation structure;

C. Compliance requirements;

D. Monitoring or auditing procedures;

E. Termination notices.

**Request No. 29:** All internal policies, training materials, compliance manuals, or written procedures concerning:

A. TCPA compliance;

B. National Do Not Call Registry compliance;

C. Consent verification;

D. Call spoofing prevention;

E. Lead validation and fraud detection.

**Request No. 30:** All documents reflecting any investigation conducted by you relating to:

A. The Weingrad claim;

B. Any allegation that a lead was called prior to submission;

C. Any allegation that numbers were spoofed;

D. Any allegation that traffic sources generated litigants or DNC requests.

**Request No. 31:** For each website identified in response to Request No. 23, produce:

- All versions of the webpage(s) in effect from January 1, 2023 to the present;

- All TCPA disclosure language used;

- All revisions, edits, or modifications to consent language;

- All terms and conditions and privacy policies in effect during that period;

- Records sufficient to identify when each version was live.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:24-cv-07877

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |
|-------|-----------|----------------|--|-------|

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).